UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:23-cr-279-VMC-LSG

LINO MALLARI GUTIERREZ
   a/k/a "Joe Gutierrez"

## UNITED STATES' MEMORANDUM OF LAW REGARDING FORFEITURE

The United States of America submits this memorandum regarding the procedure governing the forfeiture sought in this case. In the event that the defendant is convicted of one or more of the offenses charged in Counts One through Eleven of the Superseding Indictment, this memorandum outlines why, pursuant to Federal Rule of Criminal Procedure 32.2(b)(5), the Court—and not the jury—should determine the amount of the Order of Forfeiture for criminal proceeds.

## MEMORANDUM OF LAW

### I. Applicable Statutes

Count One charges the defendant with conspiracy to commit health care fraud and wire fraud, in violation of 18 U.S.C. § 1349. Counts Two through Six charge the defendant with health care fraud, in violation of 18 U.S.C. § 1347. Count Seven charges the defendant with conspiracy to violate the Federal Anti-Kickback statute, in violation of 42 U.S.C. § 1320a-7b(b)(2)(A). Counts Eight through Eleven charge the defendant with payment of kickbacks in connection with a Federal health care program, in violation of 42 U.S.C. § 1320a-7b(b)(2)(A), Doc. 66. If the defendant is

convicted of any or all of the charged offenses, pursuant to 18 U.S.C. § 982(a)(7), the United States will seek an Order of Forfeiture of at least $750,926.65, which sum represents the amount of proceeds the defendant obtained from the violations.

In sentencing a person convicted of a health care fraud offenses, the Court's authority to enter an order of forfeiture against a defendant is found in 18 U.S.C. § 982(a)(7) and Federal Rule of Criminal Procedure 32.2. The United States may criminally forfeit, pursuant to 18 U.S.C. § 982(a)(7), any property, real or personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of a health care fraud offense.

## II.     Forfeiture Proceeding for Criminal Proceeds

When a defendant no longer has the criminal proceeds, or property directly traceable to the proceeds, or the government cannot locate that property, the defendant's obligation to forfeit simply takes the form of an order of forfeiture in favor of the United States. *United States v. Padron*, 527 F.3d 1156, 1161-62 (11th Cir. 2008). Federal Rule of Criminal Procedure 32.2(b)(1) provides that, where the government seeks an order of forfeiture, the Court must determine the amount of money that the defendant will be ordered to pay.

There is no constitutional right to a jury determination regarding forfeiture of property. *See United States v. Libretti,* 516 U.S. 29, 49 (1995) ("the nature of criminal forfeiture as an aspect of sentencing compels the conclusion that the right to a jury verdict on forfeitability does not fall within the Sixth Amendment's constitutional

protection"). The only right to a jury trial for forfeiture proceedings is created in Federal Rule of Criminal Procedure 32.2(b)(5). *See United States v. Gaskin*, No. 00-cr-6148, 2002 WL 459005, at *9 n.3 (W.D.N.Y. 2002) (notwithstanding *Libretti*, which appears to make trial by jury on the forfeiture issue inappropriate, Rule 32.2(b)(4) gives a defendant the right to have the jury determine the forfeiture if the case was tried before a jury), *aff'd*, 364 F.3d 438 (2d Cir. 2004).[1]

Importantly, Rule 32.2(b)(5) provides for the right to a jury determination on the forfeiture of *specific* property only. *See* Fed. R. Crim. P. 32.2(b)(5)(A) (the court must determine if either party requests the jury "be retained to determine the forfeitability of *specific property* if it returns a guilty verdict.") (emphasis added). The Eleventh Circuit held that "a party is *not* entitled to a jury finding regarding a money judgment." *United States v. Curbelo*, 726 F.3d 1260, 1278 (11th Cir. 2013) *cert. denied*, 134 S. Ct. 962, 187 L. Ed. 2d 822 (2014). Instead, "*the court* must determine the amount of money that the defendant will be ordered to pay." *Id.* (quoting Rule 32.2(b)(1)(A)); *see also* Rule 32.2(b)(1) ("If the government seeks a *personal money judgment, the court must determine the amount of money* that the defendant will be ordered to pay.") (emphasis added). The Eleventh Circuit's holding is consistent with that of other circuits. *See United States v. Phillips,* 704 F.3d 754, 769 (9th Cir. 2012) (holding there is no statutory right to have jury determine amount of money

---

[1] When Rule 32.2 was amended in December 2009, section (b)(4) became (b)(5).

judgment); *United States v. Gregoire*, 638 F.3d 962, 972 (8th Cir. 2011) (same); *United States v. Tedder*, 403 F.3d 836, 841 (7th Cir. 2005) (same).

Thus, because the United States does not seek forfeiture of specific property, but only an Order of Forfeiture for the amount of criminal proceeds obtained by the defendant, the defendant is not entitled to a jury determination on the forfeiture.

**III.** **Conclusion**

Should the defendant request a jury determination on the amount of the Order of Forfeiture, pursuant to Rule 32.2(b)(5), the United States asks that the Court deny the request.

    Respectfully Submitted,

    GREGORY W. KEHOE
    United States Attorney

By: *s/James A. Muench*
    JAMES A. MUENCH
    Assistant United States Attorney
    Florida Bar Number 472867
    400 North Tampa Street, Suite 3200
    Tampa, Florida 33602
    (813) 274-6000 – telephone
    E-mail: james.muench2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system that will send a notice of electronic filing to counsel of record.

*s/James A. Muench*
JAMES A. MUENCH
Assistant United States Attorney
